IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

T.W.,

    Plaintiff,

v.                                                               Case No. 2:22-cv-00348

WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Summary Judgment, [ECF No. 21], which is presently referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for pre-trial management and submission of proposed findings and recommendation for disposition. For reasons appearing to the Court, the referral to the magistrate judge is **WITHDRAWN** and the undersigned will proceed to rule on the unopposed Motion for Summary Judgment.

I.    Background and Procedural History

Plaintiff T.W. ("Plaintiff") filed this civil action alleging that, while she was an inmate incarcerated at the South Central Regional Jail ("SCRJ"), she was sexually assaulted by inmate David E. Spears ("Spears") in the bathroom located in the booking area of the jail. Plaintiff names the West Virginia Division of Corrections ("WVDCR"), C.O. Legend Carter ("Carter"), and other unidentified correctional officers ("C.O. John Does" or "Doe defendants") as defendants and asserts the

following claims for relief: (1) failure of the correctional officers to protect her from harm in violation of the Eighth Amendment[1] (Count I): (2) outrageous conduct by the correctional officers (Count II); (3) vicarious liability against the WVDCR for the conduct alleged in Counts II and IV (Count III); and (4) violation of legislative rules by the correctional officers and WVDCR (Count IV). [ECF No. 1-1, at 4–7].

Initially, Plaintiff was represented by counsel, Paul M. Stroebel. However, on September 12, 2023, the Court granted Mr. Stroebel's motion to withdraw as counsel and Plaintiff was given 30 days to obtain new counsel. Plaintiff has not obtained new counsel and is proceeding *pro se*.

On October 4, 2023, Defendants filed the instant Motion for Summary Judgment, [ECF No. 21], and Memorandum of Law in support thereof, [ECF No. 22]. Because Plaintiff is proceeding *pro se*, on November 15, 2023, Magistrate Judge Tinsley entered an Order and Notice, in accordance with the holding of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements to properly oppose a motion for summary judgment and setting revised deadlines for a response and reply to the motion for summary judgment. [ECF No. 24].

---

[1] Plaintiff also alleges a violation of the Fourteenth Amendment. However, I find this citation to be merely a reference to the Fourteenth Amendment's incorporation of the United States Constitution's Bill of Rights unto the states. However, if Plaintiff intended to raise a separate claim under the due process clause of the Fourteenth Amendment, the law is well-settled that, where a claim for relief is governed by a more specific protection, such as that of the Eighth Amendment's guarantee against cruel and unusual punishment, "the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). In *Graham*, the Supreme Court held that where an explicit textual source of constitutional protection applies to physically intrusive government conduct, "that Amendment, not the more generalized notion of 'substantive due process,'" must be the guidepost for analyzing the claim. 490 U.S. at 395. Here, Plaintiff's constitutional claim, if any, is appropriately addressed under the Eighth Amendment's prohibition on cruel and unusual punishment.

Plaintiff has not responded to the motion for summary judgment, which the Court now treats as unopposed. Thus, the undisputed evidence submitted by Defendants will be accepted as true. Additionally, the *pro se* Plaintiff failed to appear for the pre-trial conference on January 22, 2024, and William E. Murray, counsel for Defendants, advised the Court that Plaintiff had also failed to appear for her noticed deposition and failed to submit her portion of the Proposed Integrated Pretrial Order, [ECF No. 26].

## II. Undisputed Facts

Plaintiff's complaint alleges that, while she was in the shower in a bathroom in the booking area of the SCRJ, C.O. Carter and other unidentified correctional officers knowingly allowed inmate Spears into the bathroom where he "proceeded to sexually assault plaintiff by grabbing her breast and putting his hand between her legs." [ECF No. 1-1, at 4]. Plaintiff alleges that she suffered severe emotional distress and physical harm, and that Defendants knew that such conduct posed a substantial risk of serious harm and failed to prevent the assault. [*Id.*]

Video footage from the booking area shows when Plaintiff and Spears entered and exited the bathroom. [ECF No. 21-A]. Specifically, on May 27, 2020, at 12:50:34 a.m., Plaintiff is removed from cell H4 by Defendant Carter. Plaintiff was taken to the property room to obtain clothing and then entered the bathroom to shower. As seen on the video footage, Carter enters the property room (the open door with the yellow mop bucket outside of it) while Plaintiff enters the bathroom (the closed grey door immediately beside the booking counter and to the left of the property room).

3

Then Plaintiff exits the bathroom and enters the property room where she selects new clothing. Then she and Carter both exit the property room. [*Id.* at 12:50:45–12:52:54].

At 12:52:56 a.m., Plaintiff re-enters the bathroom. [*Id.* at 12:52:56]. At 1:04:46 a.m., Carter removes Spears from a holding cell, and Spears (the individual in the tan shirt and orange pants) walks to the other side of the booking counter near the bathroom door. [*Id.* at 1:04:46]. Spears then speaks with LPN Devanis Ashworth ("Ashworth"), who is the individual in the grey scrubs behind the counter, and Ashworth can be seen reaching into the cabinet and handing Spears a urine sample cup. [*Id.* at 1:05:05–1:05:34]. At this time, Carter is located at the opposite end of the booking counter and is patting down and removing the handcuffs from an individual who was just brought into the facility. [*Id.* at 1:05:01–1:05:38]. At 1:05:36 a.m., at Ashworth's instruction, Spears enters the bathroom where Plaintiff is showering. [*Id.* at 1:05:36]. Seven second later, at 1:05:43 a.m., Spears runs out of the bathroom. [*Id.* at 1:05:36].

In statements given to an investigator, Ashworth stated that she heard Spears yell, and he ran back out of the bathroom because he said someone was in there. [ECF No. 21-B, at 14]. Carter stated that he yelled at Spears to exit the bathroom and Spears apologized. [*Id.* at 12]. Upon repeated questioning by Carter, Plaintiff denied that anything happened in the bathroom. [*Id.*] Carter further stated that Plaintiff "laughed about his (Spears) eyes getting real big." [*Id.*] Another correctional officer

4

in booking confirmed that, after Ashworth instructed Spears to enter the bathroom, he screamed and exited the bathroom in a hurry. [*Id.* at 13].

### III. Standard of Review

To obtain summary judgment, the moving party must show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). A court considering a motion for summary judgment does not resolve disputed facts, weigh the evidence, or make determinations of credibility. *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Instead, the court draws any permissible inferences from the facts in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Nonetheless, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### IV. Discussion

#### A. *John Doe Defendants.*

Plaintiff's complaint named, as John Doe defendants, unidentified correctional officers who were allegedly present in the booking area and whose acts or omissions allegedly resulted in Plaintiff's sexual assault by inmate Spears. However, even after ample time for discovery and amendment of the complaint, the Doe Defendants have

never been identified and served with process. Thus, the instant motion for summary judgment also seeks dismissal of the Doe defendants.

As noted previously by this United States District Court, "[t]he idea of an unnamed defendant is contrary to the Federal Rules of Civil Procedure." *Price v. Marsh*, No. 2:12-cv-05442, 2013 WL 5409811, at *3 (S.D.W. Va. Sept. 25, 2013). In *Price*, the Court further stated:

> On its face, a complaint asserting allegations against a person whose identity is not known cannot do more than simply offer naked assertions and speculative facts. Where a party is not known or identified, a cause of action simply does not yet exist. No relief can be granted against an unidentified party. Additionally, federal courts maintaining jurisdiction over actions against John Doe defendants may very well be unconstitutional.

*Id.* at *4. Moreover, the Fourth Circuit has emphasized that the designation of John Doe defendants is disfavored. *Njoku v. Unknown Special Unit Staff*, No. 99–7644, 2000 WL 903896, at *1 (4th Cir. July 7, 2000). Nonetheless, where a John Doe designation is initially permitted, such defendants "must be identified by the time the issues are adjudicated on their merits, as the Fourth Circuit has determined that judgments may not be entered against unnamed defendants." *Myers v. City of Charleston*, No. 2:19-cv-00757, 2021 WL 925326, at *10 (S.D. W. Va. Mar. 10, 2021), citing *Njoku, supra*, 2000 WL 903896 at *1 (stating that "there is no basis to permit a judgment against an unidentified John Doe defendant to be sustained").

Additionally, pursuant to Federal Rule of Civil Procedure 4(m), a defendant must be served within 90 days of the complaint being filed. In this case, this action was removed to this Court on August 19, 2022, and the complaint was filed prior to

6

that date in the Circuit Court of Kanawha County, West Virginia. [*See* ECF No. 1-1]. Plaintiff never moved to extend the Rule 4(m) period and has wholly failed to prosecute this matter with respect to the John Doe defendants. For these reasons, the Court finds that the claims against the John Doe defendants must be dismissed.[2]

### B. Count I – Eighth Amendment Claim.

Count I of the complaint alleges that C.O. Carter deliberately exposed Plaintiff to a substantial risk of harm when he allowed a male inmate into the bathroom where she was showering, in violation of the Eighth Amendment. As noted by Defendants' motion, the Eighth Amendment's prohibition on "cruel and unusual punishments" imposes certain basic duties on prison officials which includes "reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Specifically, corrections officers have 'a duty to protect prisoners from violence at the hands of other prisoners,' for '[b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.'" *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016) (quoting *Farmer*, 511 U.S. at 832, 834). Nonetheless, "not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015) (internal quotation marks omitted). [ECF No. 22, at 5].

To succeed on an Eighth Amendment claim, Plaintiff must establish both that "the prison official acted with a sufficiently culpable state of mind (subjective

---

[2] Because of the dismissal of the John Doe defendants, I will address the merits of Plaintiff's claims and Defendants' motion for summary judgment only with respect to the WVDCR and C.O. Carter.

7

component)" and that "the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008); *see also Raynor,* 817 F.3d at 127. Defendants' motion correctly asserts that, first, Plaintiff "must establish a serious deprivation of [her] rights in the form of a serious or significant physical or emotional injury," or a substantial risk thereof. *Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014) (internal quotation marks omitted). [ECF No. 22, at 5]. This is an objective inquiry and it "requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). [*Id.*]

Second, Plaintiff must show that the defendant correctional officer had a "sufficiently culpable state of mind," which, in this context, consists of "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). [*Id.* at 6]. This is a subjective inquiry and requires "evidence suggesting that the prison official had actual knowledge of an excessive risk to the plaintiff's safety." *Danser*, 772 F.3d at 347. [*Id.*] To meet this standard, the defendant must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Such knowledge may be proven through circumstantial evidence and "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842; *Raynor*, 817 F.3d at 128. [*Id.*]

8

As asserted by Defendants' motion, Plaintiff has failed to present any evidence to meet the subjective prong of the deliberate indifference standard. She has presented no evidence that C.O. Carter knew that she was at a substantial risk of harm from Spears. The undisputed evidence clearly demonstrates that LPN Ashworth, who is not an employee of the WVDCR, was the individual who directed Spears to go into the bathroom to provide a urine sample. Thus, Carter, who was at the opposite end of the booking counter working with another inmate, did not direct Spears to enter the bathroom, and Plaintiff has presented no evidence to show that Carter or any WVDCR employee knew that Spears was going to enter the bathroom or had entered the bathroom while Plaintiff was showering. Accordingly, there is no evidence that Carter or any other WVDCR had actual knowledge of, or drew an inference that, Plaintiff was at a substantial risk of harm and failed to prevent it. *Farmer*, 511 U.S. at 837. Therefore, the Court finds that there is no genuine issue of material fact and Defendant Carter is entitled to judgment as a matter of law on Plaintiff's Eighth Amendment claim.

    C.    *Count II – Outrageous Conduct.*

In Count II of her complaint, Plaintiff alleges that C.O. Carter committed the "tort of outrage," which is "synonymous with intentional or reckless infliction of emotional distress." *Williamson v. Harden*, 585 S.E.2d 369, 373 (W. Va. 2003). To prevail on a claim of intentional infliction of emotional distress ("IIED") under West Virginia law, Plaintiff must show:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the

9

>defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Miller v. Rubenstein*, No. 2:16-cv-05637, 2018 WL 736044, at *16–17 (S.D. W. Va. Feb. 6, 2018). As noted by Defendants, these elements present a high bar to recovery. *See Courtney v. Courtney*, 413 S.E.2d 418, 423 (W. Va. 1991) ("conduct that is merely annoying, harmful of one's rights or expectations, uncivil, mean-spirited, or negligent does not constitute outrageous conduct."). In analyzing the first factor, a court can "consider whether the extreme and outrageous character of the conduct arose from an abuse by the defendant of a position or relationship to the plaintiff, which gave the defendant actual or apparent authority over the plaintiff or power to affect the plaintiff's interests." *Travis v. Alcon Labs.*, Inc., 504 S.E.2d 419, 421 (W. Va. 1998).

To establish that the defendant acted recklessly, the plaintiff must show that the defendant acted with knowledge that emotional distress was certain or substantially certain to result. *Id.* at 429. A plaintiff must further establish that the defendant's actions caused the plaintiff to suffer severe emotional distress. *Id.* While anguish, shock, and grief may constitute emotional distress, liability only arises where the emotional distress is extreme. *Id.* at 430.

Here, Plaintiff has presented no evidence to create a genuine issue of material fact with respect to her IIED claim, as she cannot show that "the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency." *Miller*, 2018 WL 736044, at *16–17. Although the complaint alleges that

10

Defendants outrageously and deliberately exposed Plaintiff to a male inmate while she was showering and failed to prevent such action, neither Carter, nor any other WVDCR employee, told Spears to enter the bathroom and Plaintiff has failed to present any evidence of how they could or should have prevented such entry. Further, Plaintiff has failed to present any evidence that Defendants acted with the intention to inflict emotional distress or acted recklessly when such severe emotional distress was certain to result therefrom. Consequently, Plaintiff has failed to produce any evidence to support her IIED claim. Accordingly, the Court finds that there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law on Count II of Plaintiff's complaint.

  D. *Counts III and IV – Violation of State Rules and Vicarious Liability.*

In Counts III and IV of the complaint, Plaintiff alleges that the WVDCR should be held vicariously liable for the alleged conduct of its employees. [ECF No. 1-1, at 6–7.] "'Vicarious liability' and joint venture are not independent claims for relief. Nonetheless, West Virginia courts recognize that these theories may be asserted as independent claims as long as they are based on other underlying claims." *Young v. Apogee Coal Co. LLC*, No. 2:12-cv-01324, 2014 WL 1900791, at *2 (S.D. W. Va. May 13, 2014); *see also Wale v. Hayhurst*, No. 2:20-cv-00713, 2020 WL 7775430, at *3 (S.D. W. Va. Dec. 30, 2020) (Berger, J.).

Count IV of Plaintiff's complaint alleges that Defendants violated unspecified state legislative rules and WVDCR policies and procedures when they failed to keep male inmates separated from female inmates. (ECF No. 1-1, at 7, ¶ 23.) Count III

11

further alleges that the correctional officers were acting in the scope of their employment and "were responsible for ensuring that the inmates are not subject to attacks by other inmates" and that the WVDCR can be held vicariously liable for the acts and/or omissions of its employees for violations of legislative rules and policies" as alleged in Counts II and IV. [*Id.* at 6–7]. Thus, it appears that Counts III and IV seek to hold the WVDCR liable for alleged violations of unspecified state legislative rules and WVDCR policies and procedures because correctional staff failed to keep a male inmate separated from a female inmate and failed to protect her from alleged harm. [*Id.* at 7, ¶ 23.] Both claims, however, fail to specify the West Virginia state legislative rules and/or WVDCR policies and procedures that were allegedly violated and, therefore, fail to provide Defendants sufficient notice as to the basis of the claim being asserted.

Defendants further assert that Plaintiff's allegations in Count IV mirror the allegations concerning the violation of the Eighth Amendment and, thus, notwithstanding Plaintiff's assertion that she is not bringing a § 1983 claim against the WVDCR, she nonetheless improperly seeks to hold the agency liable under a *respondeat superior* theory for the same conduct. [ECF No. 22, at 12–13]. As noted by Defendants, however, this court previously rejected a similar claim, determining that it is actionable, if at all, under the Eighth Amendment. *See Glass v. McKnight*, No. 2:23-cv-00313, 2023 WL 6161046, at *2 (S.D. W. Va. Sept. 21, 2023). As the court found in *Glass*, "Plaintiff's attempt to circumvent this inevitable conclusion—by

employing the doctrine of *respondeat superior* based on a generalized policy and procedure violation—is unavailing." *Id.* at *3.

Furthermore, a mere violation of prison policies, standing alone, does not give rise to a violation of the federal constitution. *See Morton v. Sheeley*, No. 3:12-cv-122, 2014 WL 3700011, at *20 (N.D. W. Va. July 24, 2014) ("To the extent that the Plaintiff is attempting to allege that the defendants did not adhere to a statute or administrative regulation, . . . 'a failure to adhere to administrative regulations does not equate to a constitutional violation.'") (quoting *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993)); *Richardson v. Thornton*, 299 F. App'x 461, 463 (5th Cir. 2008) ("The failure of the prison to follow its own policies . . . is not sufficient to make out a civil rights claim."); *Aliff v. W. V. Reg'l Jail & Corr. Facility Auth.*, No. 2:15-cv-13513, 2016 WL 5419444, at *8 (S.D. W. Va. Sept. 26, 2016) ("[I]t is well settled that a § 1983 claim brought in federal court is not the appropriate forum to urge violations of prison regulations or state law.") (quoting *Holland v. City of New York*, 197 F. Supp. 3d 529, 548–49 (S.D.N.Y. 2016) (internal quotations omitted)). Moreover, the Court has already found that C.O. Carter is entitled to judgment as a matter of law on Plaintiff's Eighth Amendment and IIED claims. Consequently, there can be no vicarious liability against the WVDCR. Accordingly, the Court finds that there are no genuine issues of material fact and Defendants are also entitled to judgment as a matter of law on Counts III and IV of Plaintiff's complaint.

## V.  Conclusion

For the reasons stated herein, it is hereby **ORDERED** that Defendants' Motion for Summary Judgment, [ECF No. 21], is **GRANTED**.

The Clerk is **DIRECTED** to transmit a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: January 23, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE